## Case No. 10,903.

PEEK et al. v. FRAME et al.

[9 Blatchf. 194; 5 Fish. Pat. Cas. 113.] [1]

Circuit Court, S. D. New York. Oct. 26, 1871.

PATENTS—INFRINGEMENT—AGGRAVATED CONDUCT OF DEFENDANT—INCREASE OF DAMAGES.

In this case, which was an action at law, for the infringement of letters patent, the plaintiff having had, at the trial, a verdict for $5,000, the court, regarding the conduct of the defendant as peculiarly aggravated, increased the damages to $7,500, as being a sum sufficient to cover the expenses of the trial, and something more, for the time and trouble of the plaintiff.

[Cited in Welling v. La Bau, 35 Fed. 304.]

[Motion for increase of damages in an action at law.

[Suit brought upon letters patent .for an "improved machine for sawing thin boards," etc., granted to John Myers and Robert G. Eunson, May 23, 1854 [No. 10,965] and extended for seven years from May 23, 1868. The plaintiffs [Eben Peek and ·Gilbert J. Bogert] were the owners of the patent for that part of the city of New York lying west of Broadway and Eighth avenue. At the trial (before WOODRUFF, J.) the plaintiffs had a verdict for $5,000. They now made a motion for judgment in their favor for such sum as should be proper, above the amount found by the verdict, not exceeding three times the amount thereof.] [2]

The motion was founded upon an affidavit, made by one of the plaintiffs, setting forth the following facts: The plaintiffs bought their interest in the patent in 1864, and paid therefor a considerable sum of money for the original term, and afterwards for the extended term. The .machine described in the patent is one of very great speed and efficiency, and two or three of the machines are capable of doing the whole resawing business of the west half of the city of New York. At the time the plaintiffs purchased such interest, the defendants Nichols and Robbins owned a right to use one of the machines in said district, and the plaintiffs, in order to render their interest in the patent profitable, purchased from those defendants, in January, 1865, all their interest under the patent, paying a considerable sum of money therefor. In December, 1866, those defendants made an arrangement with the defendant Frame, to put into operation, in their place of business, which was directly opposite the place of business of the plaintiffs, a machine substantially like the patented machine. Frame set up the machine, and the other defendants furnished him with power to run it, and the profits of running it were divided between them. The defendants also cut down the price of resawing from $4.00 per thousand feet, to $2.50 per thousand feet, and divert-

ed many customers from the plaintiffs' establishment to their own. The plaintiffs were obliged to reduce the price of their resawing to $3.00 per thousand feet. The defendants were, at the very commencement, notified by the plaintiffs not to use the infringing machine, and threatened with a suit. After fruitless negotiations for an arrangement, this suit was brought. It was defended by a combination of infringers, formed by the defendants, who made up a common purse to resist the rights of the plaintiffs, and of other owners of rights under the patent. The trial of the suit was delayed by the defendants. At the trial, the plaintiffs proved, that the defendants had diverted from them up to December, 1868, a large specified quantity of lumber, on which the plaintiffs.lost a profit of $2.00 per thousand feet; that, by reason of the reduction, by the plaintiffs, of the price of resawing, caused by the infringement, the plaintiffs had lost the sum of $1.00 upon every thousand feet of a specified quantity of lumber, which they had themselves sawed; and that such damages in all amounted to over $8,000. Large amounts of business had been diverted by the defendants from the plaintiffs, of which the plaintiffs could not prove the particulars, because they were known only to the defendants. The plaintiffs incurred an expense, in conducting this suit, of upwards of $1,500. Since the trial in this suit, the patent had been sustained, on final hearing, in a suit in equity, in this court, against these defendants (Myers v. Frame [Case No. 9,991]), at a further expense to the plaintiffs of $800.

Frederic H. Betts, for plaintiffs.
Keller & Blake, for defendants.

## Case No. 10,904.

PEEK et al. v. FRAME et al.

[5 Fish. Pat. Cas. 211.] [1]

Circuit Court, S. D. New York. Dec., 1871.

PATENTS—COSTS WHERE SOME OF THE CLAIMS ARE VOID—DISCLAIMER.

1. The mere fact that the plaintiff has obtained a verdict in an action on the case for .the

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher. Esq., and here compiled and reprinted by permission.]
2 [From 5 Fish. Pat. Cas. 113.]

19FED.CAS.—7

1 [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

infringement of a patent, is not conclusive that he is entitled to costs: for if the verdict be rendered in pursuance of section 9, Act 1837 [5 Stat. 194], for the infringement of valid claims, while other claims are rejected as void for want of novelty, the plaintiff can not recover costs.

2. Nor does the fact that, since the verdict, the plaintiff has disclaimed one or more of the claims of the patent, deprive him of his right to recover costs. Such a disclaimer might be a ground for a new trial, but so long as the verdict remains in force the plaintiff is entitled to the benefit of it.

3. A disclaimer is necessary only where the thing claimed without right is a material and substantial part of the machine invented.

4. If the disclaimer be of immaterial matters, it would seem that the filing of it does not affect the plaintiff's right to costs.

[This was an action by Eben Peek and others against John Frame and others.]

Motion for the allowance of costs in an action at law referred to in the report of the case of Peek v. Frame [Case No. 10,903]. It appeared that after the verdict was rendered, the plaintiff had filed a disclaimer to some of the claims of the patent in suit, and it was insisted that this was equivalent to a verdict against those claims upon the trial, which would have deprived the plaintiff of the right to recover costs.

Frederic H. Betts, for plaintiffs.
Keller & Blake, for defendants.

WOODRUFF, Circuit Judge. The papers submitted to me are wholly insufficient to show that the plaintiffs are not entitled to costs herein. The brief of the plaintiffs' counsel recites some facts, but they are not decisive. On the one hand, the mere fact that the plaintiffs obtained a verdict is not conclusive that they are also entitled to costs; for they may have obtained the verdict under and in pursuance of section 9 of the act of 1837, which warrants a recovery for an infringement of what is, in fact, new, and claimed as the plaintiffs' invention, notwithstanding the patentee has also, through mistake, without fraud or intent to deceive, claimed something which is not new.

If this verdict was rendered for an infringement of valid claims, and it appeared that other claims were rejected in pursuance of that section, then, although the plaintiffs obtained a verdict, they are not entitled to costs. But if the verdict was, in fact, upon all the claims, in affirmance of the validity of each, and of the novelty of the inventions claimed in each, then the plaintiffs are entitled to costs.

On the other hand, the mere fact that the plaintiffs have, since the trial and verdict, disclaimed one or more of the claims made in the patent, is not alone conclusive that the plaintiffs are not entitled to costs. If the verdict was rendered as secondly above suggested, upon all the claims, affirming their validity, and the novelty of the invention claimed in each, then what the plaintiffs may have said or done, by disclaimer or otherwise, does not deprive them of the effect of the verdict; and so long as it remains in force, not set aside, it is conclusive between the parties. The fact of disclaimer is high evidence, in such case, that the verdict was wrong, and that the plaintiff should only have recovered on the parts of the invention or patent therefor, which are not disclaimed, and such evidence might warrant a new trial. But while such a verdict stands, it is conclusive.

And, finally, there is no evidence before me showing that, under the opinion in Hall v. Wiles [Case No. 5,954], the disclaimer, or the admission which it imports, would, if made during the trial, have affected the plaintiffs' right to costs. In that case, it is held that a disclaimer is necessary only where the thing claimed without right is a material and substantial part of the machine invented. What has been disclaimed in this case does not appear by the bill of costs, nor by the plaintiffs' brief, and, of course, not by my minutes of the trial, and nothing else is before me.

Precisely what order I am expected to make on these papers is not very clear; but treating the matter as a motion for costs on the verdict, I can only say that no sufficient ground for withholding costs, which ordinarily follow a verdict, appears or is shown. If I could treat it as an appeal from taxation (which it is stated to be in the brief submitted, though the accompanying bill of costs has not yet been taxed), I must then say that no sufficient facts are laid before me to warrant any interference therewith.

[For other cases involving this patent, see note to Myers v. Frame, Case No. 9,991.]